IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREY YOUNG, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 20-936 |
| ) | District Judge Marilyn J. Horan/ |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| WESTMORELAND DA'S OFFICE, ) | |
| ) | |
| Respondent. ) | |

**<u>ORDER</u>**

Petitioner Andrey Young, proceeding pro se, has filed this Petition for Writ of Habeas Under 28 U.S.C. § 2241, to challenge the legality of his pre-trial detention in the Westmoreland County Prison.  The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.  Magistrate Judge Kelly's Report and Recommendation, ECF No. 5, filed on July 20, 2020, recommended that the Petition be dismissed before service as an abuse of the writ or as meritless.  Petitioner was informed that he could file Objections to the Report by August 6, 2020.  Petitioner has not filed Objections by the deadline.

Accordingly, the following order is entered:

**IT IS HEREBY ORDERED** this 24th day of August, 2020, after de novo review of the record and the Report and Recommendation, the Report is adopted as the opinion of the Court,

and the Petition for Writ of Habeas Corpus is denied.  A certificate of appealability is likewise denied as jurists of reason would not find this disposition to be debatable.[1]

By the Court:

_Marilyn J. Horan_
MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

ANDREY YOUNG
3424-2019
Westmoreland County Prison
3000 South Grande Blvd.
Greensburg, PA 15601-9176

---

[1] See, e.g., Reese v. Pennsylvania, CV 19-775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (finding that the certificate of appealability requirement applies to Section 2241 petitions filed by state pre-trial detainees) (citing Gibson v. Orleans Par. Sheriff, 13-30944, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) ("Because Gibson is a state pre-trial detainee, a COA is required to appeal the district court's denial of § 2241 relief."); Evans v. Cir. Ct. of Cook County, Ill., 569 F.3d 665, 666 (7th Cir. 2009) ("Two other circuits that have considered the question have concluded that a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus.... We agree with these decisions")).